## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| WALLACE WIGLEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>R&D MAINTENANCE SERVICES, INC., )<br>)<br>Defendant. ) | CIVIL ACTION NO 08-00535-KD-C |

### ORDER

This matter is before the Court on Defendant's motion to strike declarations submitted by the Plaintiff in opposition to Defendant's motion for summary judgment (Doc. 29), Plaintiff's motion to strike Defendant's evidentiary submissions (Doc. 30), Plaintiff's motion to strike Defendant's reply (Doc. 31) and the responses to same (Docs. 32, 33). For the reasons set forth herein, Defendant's motion to strike is **DENIED** and Plaintiff's motion to strike is **DENIED** but leave to file a sur-reply is **GRANTED.**

### I.   Background

Plaintiff Wallace Wigley ("Plaintiff") initiated this action on August 20, 2008 in the Circuit Court of Marengo County, Alabama (CV-2008-062), asserting an age-based discrimination claim against Defendant R&D Maintenance Services, Inc. ("R&D") under Alabama's Age Discrimination in Employment Act ("AADEA"), Alabama Code § 25-1-20 et seq. (Doc. 1). Plaintiff alleges that he was terminated by Defendant R&D on January 16, 2007 due to his age (over 40 years old). (Doc. 2-2). Defendant denies taking any action against Plaintiff in violation of the AADEA. (Doc. 3). After removing this case to this Court (Doc. 2), on May 18, 2009, Defendant filed a motion for summary judgment. (Docs. 21, 22). Before reaching the merits of the motion, this Court must first

consider the motions to strike certain evidence filed by each of the parties. Specifically, Defendant R&D filed a motion to strike the Declarations of Plaintiff, Annie Barton, MacArthur Williams, and Gary Broglen, filed in opposition to its motion for summary judgment (Doc. 29); and Plaintiff filed a motion to strike evidence submitted by Defendant in support of its reply (Doc. 30) as well as a motion to strike the reply itself or file a sur-reply (Doc. 31).

## II.  Motions to Strike

### A.  Plaintiff's motions to strike Defendant's reply/request to file sur-reply

In his June 28, 2009 motions (Doc. 30, 31), Plaintiff asserts that Defendant's reply (Doc. 27) and the evidentiary material filed in support thereof (Doc. 28) should be stricken because "it is predicated upon new evidence filed after the Plaintiff's last opportunity to respond." This is not a meritorious reason to strike. Thus, Plaintiff's motion to strike is **DENIED.**

### B.  Defendant's Motion to Strike

On June 8, 2009, Plaintiff filed four Declarations (Plaintiff, Annie Barton, MacArthur Williams and Gary Broglen) as well as other evidentiary materials, in support of its opposition to Defendant's motion for summary judgment. (Docs. 26-2 to 26-12). Defendant endeavors to invoke the "sham affidavit" doctrine,[1] contending that the Declarations of Plaintiff and Annie Barton should

---

[1] "Under the law of this Circuit, we may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1240 n. 7 (11th Cir. 2003); Fisher v. Ciba Specialty Chemicals Corp., 238 F.R.D. 273, 284 (S.D. Ala. 2006) (explaining and applying "sham affidavit" rule). Specifically, Rule 56(e) of the Federal Rules of Civil Procedure requires that a party opposing a properly supported motion for summary judgment set forth specific facts, admissible as evidence, showing the existence of a genuine issue for trial. The rule specifically allows the court to consider the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits submitted by the opposing party in determining whether a genuine issue exists. However, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Van T. Junkins &

be stricken because the statements in those declarations are inconsistent with prior deposition testimony and irrelevant, and that the Declarations of MacArthur Williams and Gary Broglen should be stricken because they consist of conclusory allegations and inadmissible hearsay.

**1.      Plaintiff's Declaration**

Defendant contends that Plaintiff's Declaration should be stricken because the statements contained therein contradict his prior sworn deposition testimony (*i.e.*, that he has presented a "sham" declaration) (Doc. 29). First, Defendant asserts that Plaintiff testified at his deposition that his only recollection of the conversation with Jerry Montgomery on January 11, 2007, was that he indicated that he was mad about the dozer (citing Dep. Plf at 229-231), and that he changed his testimony in his Declaration by stating that Montgomery called him age-based names on January 11, 2007 (Paragraph 7). A review of Plaintiff's deposition testimony against Paragraph 7 reveals that Defendant's argument lack merit.

> Specifically, Paragraph 7 of Plaintiff's Declaration (Doc. 26-12) states as follows:
>
> After that interaction, with Mr. Ferguson[2] on January 11, I tried to talk to him about it. While he had called me horrible names and insulted me in the past, he had never tried to fight with me. I asked him why he was trying to humiliate and embarrass me all the time. In asking this, I was referring to his remarks that I was too old to do the job and the references to me being an "old bastard." I told him he was doing something to me every day.

A reading of Plaintiff's deposition testimony reveals that he did testify that Montgomery called him age-based names on January 11, 2007. Notably, when describing what had occurred on January 11,

---

Associates, Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984). In order to be stricken as a sham, an affidavit must be inherently inconsistent. See, e.g., Rollins v. TechSouth, Inc., 833 F.2d 1525 (11th Cir. 1987).

[2] Although the declaration contains the name "Ferguson," it is clear from the context that Plaintiff was actually referring to Montgomery.

3

2007 – when Montgomery approached him that morning complaining about the dozer not being serviced – Plaintiff testified as follows:

> Q. And you were mad and humiliated about the way he was treating you about the dozer –
> A. Right.
> Q. – the abrasiveness, right?
> A. Yeah. **And in that conversation** of that two minutes that this went on, **I was another one of those old SOB's**, or maybe two or three times, I'm not sure how many times. But he used that word quite often and I was one of them that morning, too, could have been two of them I don't know.
> Q. Well you don't remember one way or the other, do you?
> A. I don't remember how many, but **I remember at least one** . . . .
> \* \* \*
> Q. And he was yelling and screaming about the dozer?
> A. Right. And **called me an old so and so** because it hadn't been done.
> Q. Calling you an old so and so what?
> A. **Old son of a bitch was his favorite one**.

(Doc. 23 (Dep. Plf. at 235-236) (emphasis added)). Without explanation, Defendant has ignored this testimony altogether. A comparison of this portion of Plaintiff's testimony with his Declaration reveals that he did not change his testimony and that his Declaration is not inconsistent.

Second, Defendant asserts that Plaintiff testified at his deposition that he left the job site on January 11, 2007, because he was mad and humiliated about the way Montgomery had treated him about the dozer (citing Dep. Plf at 234-235), and that he changed his story by stating in his Declaration that he left because of the derogatory remarks Montgomery made towards him regarding his age (Paragraph 9). A review of Plaintiff's deposition testimony against Paragraph 9 reveals that Defendant's argument lack merit.

Specifically, Paragraph 9 of Plaintiff's Declaration (Doc. 26-12) provides as follows:

> I was so upset by the way Mr. Montgomery had been treating me, and especially by how he had treated me that morning, I knew I needed to complain to his boss, Brooks Ferguson in Tuscaloosa. I went to the office so that I could ask Annie Barton to hold

> my keys and radio while I went to the Defendant's Tuscaloosa location. I told Ms. Barton I was going to Tuscaloosa to complain to Mr. Ferguson about Mr. Montgomery's treatment of me. I told her I did not know when I would be back. I felt so mad, humiliated, and degraded by Jerry Montgomery, I needed to talk to Mr. Ferguson immediately.

In his deposition, as already detailed *supra*, Plaintiff clearly testified that he was mad and humiliated on January 11, 2007 about the way Montgomery "had been treating me" with regard to <u>both</u> the dozer <u>and</u> in calling him "and old so and so" or "another one of those old SOB's[.]"  (Dep. Plf. at 235-236)).  Without explanation, Defendant has again ignored this testimony.  Simply put, Plaintiff did not change his testimony and his Declaration is not inconsistent.

In sum, a comparison of Plaintiff's deposition testimony and his Declaration reveals that the two are not inconsistent.  <u>See</u>, e.g., <u>Fisher v. Ciba Specialty Chem. Corp</u>., 238 F.R.D. 273, 284 (S.D. Ala. 2006).  "Under the law of this Circuit, we may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony."  <u>McCormick v. City of Fort Lauderdale</u>, 333 F.3d 1234, 1240, n. 7 (11th Cir. 2003); <u>Fisher</u>, 238 F.R.D. at 284.  The problem with Defendant's reliance on this rule is that there is no inconsistency between Plaintiff's Declaration and his deposition testimony on the points raised, and there being none, the "sham affidavit" rule is inapplicable.  <u>See</u>, e.g., <u>King v. ADT Sec. Services</u>, 2007 WL 2713212, *3 (S.D. Ala. Nov 17, 2007); <u>Kerns v. Sealy</u>, 2007 WL 2012867, *10-11 (S.D. Ala. Jul. 6, 2007) (citing <u>Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc</u>., 736 F.2d 656 (11th Cir. 1984)).  Accordingly, Defendant's motion to strike, concerning Paragraphs 7 and 9 of Plaintiff's Declaration, is **DENIED.**

**2.      Barton's Declaration**

Defendant asserts that Barton's Declaration lacks probative value and is due to be stricken due to her deposition testimony as well as because her personal belief is irrelevant. Defendant asserts that Paragraph 8 of Barton's Declaration states that she told Montgomery that Plaintiff said he was going to talk to Ferguson and that Montgomery said in response"Old Bastard, he should have known he could not do the job," but that Barton testified in her deposition that her statement in Paragraph 8 of her Declaration regarding "the old bastard" comment was incorrect (citing Dep. Barton at 97-101). Defendant adds that Barton testified that Montgomery did not make the alleged statement until an hour or so after her initial conversation with him about Plaintiff's keys and that she had no idea if Montgomery was talking about Plaintiff as he never indicated that he was (citing Dep. Barton at 97-101). Defendant asserts further, that Barton stated in her Declaration that she believed Plaintiff remained an employee at the time he walked off the job, but that her personal belief is irrelevant.

Barton stated in Paragraph 8 of her Declaration, in relevant part, that: "I did not tell Mr. Montgomery that Mr. Wigley quit. I told him that Mr. Wigley said he was going to talk to Brooks Ferguson. Mr. Montgomery said in response, "Old Bastard, he should have known he could not do the job." (Doc. 26-2). Defendant ignores the fact that Barton testified at her deposition that "there have been other occasions in front of me that he [Montgomery] called him [Plaintiff] that same name [old bastard], so I assumed at that time [on January 11, 2007] he was meaning Mr. Wigley. . . . ." (Dep. Barton at 101). Additionally, the Court has been unable to find anywhere in these deposition excerpts where Barton testified that Paragraph 8 of her Declaration was incorrect. To the contrary, Barton's deposition testimony underscores the fact that Montgomery had called Plaintiff an "old

6

bastard" on "other occasions" in front of her before, such that her testimony was based on her own prior personal experiences.  Moreover, while there may be a difference in timing of the response between the deposition (an hour or so later) and the Declaration (Mr. Montgomery said in response..."), the deposition (taken after the Declaration) clarifies the response but remains consistent as to what Mr. Montgomery said to Barton, regardless of what exact hour of day it was when he said it.

Further, Defendant's assertion that Barton's "personal belief is irrelevant" overlooks the fact that Barton's statements in her Declaration are based not on some random belief, but on her own personal experience.  In fact, Barton observed Plaintiff on the date in question, because he gave her his keys and radio and then left work.  While statements of speculation or personal belief are generally not proper, Pace v. Capobianco, 283 F.3d 1275, 1278-1279 (11th Cir. 2002) (providing that "an affidavit stating only that the affiant 'believes' a certain fact exists is insufficient to defeat summary judgment by creating a genuine issue of fact about the existence of that certain fact[]"), Barton's statements are relevant because she actually witnessed the event and so speaks from her own personal knowledge.  In other words, her statements are based on her own personal observations of both Plaintiff's and Montgomery's actions and her own conversations with both individuals on that date, not some random "belief."  Accordingly, Defendant's motion to strike, concerning Barton's Declaration, is **DENIED.**

### 3. Williams' and Broglun's Declarations

Defendant asserts that both MacArthur Williams' and Gary Broglun's Declarations are due to be stricken because they "contain nothing more than conclusory allegations" and inadmissible hearsay.  (Doc. 20 at 3-4).  Defendant adds that the declarations "do not clearly indicate that they

personally observed the alleged remarks made or conduct committed" by Montgomery and do not provide "any details regarding the time, place or context of the statements." (Id.) Defendant asserts further, that Williams' declaration is "based on statements allegedly made by other people that were not directed to him, which constitutes inadmissable hearsay." (Id.)

In his Declaration, Williams stated that while working at R&D, he "heard Jerry Montgomery refer to Mr. Wigley as an 'old man' several times. I observed Mr. Montgomery assign tasks to Mr. Wigley, which based on Mr. Wigley's appearance, Mr. Wigley likely would not be able to do without assistance. Mr. Montgomery spoke to Mr. Wigley in a hateful tone of voice and would call him an 'old man' when giving him the assignments." (Doc. 26-3). Williams stated that the Declaration was given based on his personal knowledge and observations. (Id.) Likewise, Broglun stated in his Declaration that he "heard Jerry Montgomery refer to Mr. Wigley as an 'old bastard' several times. While I do not recall the exact dates of the occurrences, I recall that the last time I heard Mr. Montgomery refer to Mr. Wigley as an 'old bastard' was within a few weeks of when Mr. Wigley's employment ended with the company." (Doc. 26-4). Broglun stated that the Declaration was given based on his personal knowledge and observations. (Id.)

In both declarations, these individuals stated, based upon their own personal experiences and observations, what they themselves heard Montgomery say about Plaintiff. These are not allegations as to what happened or statements about what these individuals heard that Montgomery called (or did to) Plaintiff as told to them by other individuals. In their Declarations, Williams and Boglun clearly state their own personal experiences – in which they witnessed Montgomery call Plaintiff an "old bastard" or "old man" on more than one occasion. It appears that Montgomery is an agent of the Defendant. Thus, it is not hearsay. See FED.R.EVID. Rule 801(d)(2). Accordingly,

8

Defendant's motion to strike, concerning Williams' and Broglun's Declarations, is **DENIED.**

### III.     Conclusion

Based upon the foregoing, it is **ORDERED** that Defendant's motion to strike is **DENIED** and Plaintiff's motion to strike is **DENIED.**  Plaintiff's motion to file a sur-reply is **GRANTED.** Plaintiff's sur-reply must be filed on or before **July 20, 2009.**

**DONE** and **ORDERED** this the **14th** day of **July 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**